IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AMY JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-169-Z-BR |
| | § | |
| UNKNOWN DEFENDANTS, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT

Joaquin Villarreal Castillo, a third-party prisoner, filed a 42 U.S.C. § 1983 complaint on Plaintiff's behalf, seeking to challenge the conditions of her confinement in the Potter County Detention Facility. (ECF 3). Castillo did not pay the filing fee. The Court found that this case could not proceed as filed by Castillo but provided Plaintiff an opportunity to pursue this case on her own behalf. (ECF 4). As explained below, the Court finds that the petition should be DISMISSED for want of prosecution.

### I. Background

On August 12, 2026, the Court entered an order and notice of deficiency requiring Plaintiff to file an amended petition on the proper form and to either pay the $405 filing fee or file an application to proceed *in forma pauperis* within 30 days, if she wanted to pursue this case. (ECF 4). The Court warned Plaintiff that failure to comply could result in the dismissal of this case. (*Id.*).

Plaintiff did not respond to or comply with the August 12 order, and it was returned as undeliverable. (ECF 6). The order was mailed to Plaintiff at her last-known address, which was the Potter County Detention Center. The envelope was returned to the Clerk unopened, marked "Return to Sender" and "Not Deliverable as Addressed." (*Id.*). To date, Plaintiff has not updated

her mailing address, which is required by this district's local rules. *See* N.D. Tex. Civ. R. 83.13, 83.14.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629-30 (1962). This case cannot proceed because Plaintiff has not cured the filing deficiencies, and her current address is unknown. Plaintiff's Complaint should be dismissed without prejudice for want of prosecution and for failure to comply with the Court's orders.

## II. Recommendation

It is the RECOMMENDATION of the United States Magistrate Judge that the Complaint (ECF 3) be DISMISSED without prejudice.

## III. Instructions for Service

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 14, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*** <u>NOTICE OF RIGHT TO OBJECT</u> ***

Any party may object to these proposed findings, conclusions and recommendation. In the

event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).